## STATE v. GEORGE WILLARD ANDREWS.

### (Filed 25 May, 1966.)

APPEAL by defendant from *Bickett, J.,* September, 1965 Criminal Session, DURHAM Superior Court.

The defendant was arrested on a warrant issued by and returnable to the Recorder's Court of Durham County, charging that defendant, George Willard Andrews, on July 22, 1965, did unlawfully and feloniously steal one 23-jewel Gruen wristwatch of the value

of $110.00, the property of Clarence E. Maynard. From a verdict of guilty, a prison sentence of two years was imposed, from which defendant appealed to the Superior Court of Durham County.

In the Superior Court the defendant, through his attorney, Michael C. Troy, tendered a plea of *nolo contendere* which the State accepted. The court heard evidence from the State and from the defendant. Clarence E. Maynard testified that he and some of his friends were in a neighbor's home, drinking, when the defendant entered, snatched the Gruen wristwatch from the witness's arm, broke the band, and put the watch in his pocket. The defendant testified that he had been drinking and fighting prior to his arrest and that he did not remember any of the events testified to by the State's witnesses. On cross-examination, he admitted he had been convicted in a number of criminal cases: driving drunk, selling liquor, carrying a concealed weapon; that he did not remember whether he had been convicted in 1964 for assault with a deadly weapon; "that that sort of thing was an unpleasant memory that he didn't like to think about."

The court imposed a sentence of 18-24 months. By order of the court, Michael C. Troy was permitted to withdraw as counsel and Rudolph L. Edwards was appointed to prosecute this appeal.

*T. W. Bruton, Attorney General; Theodore C. Brown, Jr., Staff Attorney for the State.*
*Rudolph L. Edwards for defendant appellant.*

PER CURIAM. The defendant was indicted for a misdemeanor: larceny of the property (watch) of the value of $110.00. The State's evidence would have supported a charge of a felony: larceny from the person of the owner of the watch. Defendant here has interposed all available objections to the trial, none of which show any violation of the prisoner's rights.

No error.

MOORE, J., not sitting.